THOMAS ROGERS, ET AL. v. ELIAS H. PUGH, ET AL.

1. Justices of the peace, in the city of Cincinnati, must present their official bonds to the city council for acceptance and approval.
2. The powers and duties of the trustees of Cincinnati township, in relation to justices of the peace, were devolved upon the city council and not upon the directors of the city infirmary, by the abolition of the office of township trustees in and for certain townships, where the corporate limits of a city comprised the whole territory of such township, wherein a city infirmary had been established.
3. If an official bond be presented to the proper authority for acceptance and approval, and no objection be made within the period limited for its

being given, and no action be taken in the ordering a new election, it must be considered that the bond has been approved; a formal approval at a subsequent period can not affect intermediate acts of such officer.

SPECIAL TERM.—This action was brought on the bond of E. H. Pugh, a justice of the peace, to recover the sum of $113.65, received by the justice and not accounted for. Defense was made by the sureties on the bond on two grounds:

1. That the bond had never been delivered to, or approved by, the proper authority. The justice was elected on the first Monday in April, 1853, for the city of Cincinnati, the township and city having the same limits. His commission was dated April 14, 1853, and the oath of office taken on the 15th. The bond was dated April 19, and was presented to the city council of the city of Cincinnati April 20, 1853, but never was presented to the directors of the city infirmary, who, it was claimed, in this matter, succeeded to the duties of the township trustees, the office of the latter, in the township of Cincinnati, having been abolished.

2. That the money was received by the justice before the bond took effect. The money was received after the 11th and before the 29th July, 1853, and it appeared that a vote of the city council approving the bond was not taken until July 29.

*Lincoln, Smith & Warnock*, for plaintiffs.

*Ferguson & Long* and *Mills & Hoadly*, for defendants.

GHOLSON, J. The city council, and not the directors of the city infirmary, have the authority to accept and approve the bonds of justices of the peace, elected in the city of Cincinnati. The proviso to section 27 of the act of March 11, 1853. to amend the "Act to provide for the organization of cities and incorporated villages," taken in connection with former laws on the same subject, shows that in the distribution of the powers and duties, exercised by the former trustees of Cincinnati township, all those connected with justices of the peace were intended to be devolved on the city council.

2. The law provides no other mode by which the approval of a bond presented to township trustees by a justice of the peace, under section 11 of the act of March 11, 1853, may be shown, than the act of delivery and acceptance, and the deposit with the township treasurer. Negative evidence of such approval would appear from the omission to give notice of a new election, which is required upon the refusal or neglect, by a justice of the peace, to enter into a bond within the time required.

3. When, under that law, a justice of the peace tenders his bond to the township trustees, in the penalty they have prescribed, their acceptance from him, without objection as to its form or as to the sureties, is sufficient evidence of approval to entitle him to proceed in the discharge of the duties of his office.

4. So in the case of the city council, if the bond be presented to that body, and no objection be made within the time limited, and no action taken in ordering a new election, it must be considered that the bond has been approved, and a formal approval at a subsequent period can not affect intermediate acts.

Judgment for plaintiffs.